UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 00-10023-GAO

THOMAS RONALD THEODORE,
Defendant/Petitioner

v.

UNITED STATES OF AMERICA,
Respondent.

OPINION AND ORDER
June 21, 2013

O'TOOLE, D.J.

The petitioner has moved this Court for relief pursuant to 28 U.S.C. § 2255 on his claim of ineffective assistance of appellate counsel.

## I. Background

In 2001 the petitioner was convicted by a jury of nine counts of mail fraud, in violation of 19 U.S.C. § 1341, and three counts of violating the Food Drug and Cosmetic Act, 21 U.S.C. §§ 331(a), (d), & (p).

His direct appeal was decided by the First Circuit Court of Appeals in 2003. See United States v. Theodore, 354 F.3d 1 (1st Cir. 2003). That court affirmed all of the trial court's rulings except for the judge's[1] denial of the new trial motion based on ineffective assistance of counsel which was vacated and remanded for an evidentiary hearing. Id. at 9. The case was assigned to Judge Tauro, who, after an evidentiary hearing, granted the new trial motion. United States v. Theodore, 345 F. Supp. 2d 123, 129 (D. Mass. 2004). On the government's appeal, the First Circuit vacated the new trial order because Judge Tauro had not made explicit findings of actual

[1] The trial was presided over by my late colleague Judge Lindsay.

prejudice. United States v. Theodore, 468 F.3d 52, 58 (1st Cir. 2006). On remand, the case was reassigned to me. After extensive briefing, oral arguments, and a review of the complete record, I found that Theodore could not demonstrate actual prejudice under the Strickland standard and therefore denied the new trial motion. United States v. Theodore, 2009 WL 3806369 at *9 (D. Mass. Nov. 13, 2009).

Theodore's counsel attempted to appeal the decision to the First Circuit. However, after multiple defaults, extensions, and warnings by the court, he failed to file his brief on time, and the First Circuit dismissed the appeal for lack of prosecution on May 18, 2011. Theodore's counsel moved for reconsideration which was denied in November 2011, which was followed by Theodore's *pro se* motion for reconsideration which was denied in April 2012. This petition followed. The government has not opposed this present petition.

## II. Discussion

Post-conviction relief pursuant to § 2255 is an extraordinary remedy that is available only if the petitioner can demonstrate a sufficient showing of fundamental unfairness. Singleton v. United States, 26 F.3d 233, 236 (1st Cir. 1994). Ineffective assistance of appellate counsel is measured under the familiar Strickland standard. Smith v. Robbins, 528 U.S. 259, 286 (2000). In order to succeed the petitioner must show that counsel's performance was so deficient as to fall below an objective standard of reasonableness and that the defendant was prejudiced as a result. Strickland v. Washington, 466 U.S. 668, 688 (1984).

Theodore's present claim succeeds on both prongs. There is no question that appellate counsel's failure to file a brief falls below any objective standard of reasonableness. Theodore was also clearly prejudiced as a result by being denied appellate review of the order denying a new trial. While I did not find in that order that Theodore was prejudiced as a result of the woeful performance of his trial counsel, I cannot say that an appeal from that decision would be

frivolous. Theodore suffered actual prejudice when he was unable to appeal the denial of his new trial motion because of his appellate counsel's deficient performance.

## III. Remedy

When a prisoner is denied his right to appeal by failure of counsel to perfect an appeal, the district courts are afforded "broad leeway" in the exercise of their § 2255 authority. United States v. Torres-Otero, 232 F.3d 24, 30 (1st Cir. 2000). Such discretion is available because a district court's power under § 2255 is derived from the equitable nature of *habeas corpus* relief. Id.

When appellate counsel has failed to perfect a direct appeal the First Circuit has set forth the following approach to be followed by the district courts:

> When the district courts . . . conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect the remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that reimposed sentence is ten days, which is dictated by [Federal] Rule [of Appellate Procedure] 4(b)(1)(A)(i).

Id. (quoting United States v. Phillips, 225 F.3d 1198, 1201 (11th Cir. 2000)). See also Bonneau v. United States, 961 F.2d 17, 23 (1st Cir. 1992).

On his direct appeal, all issues other than the denial of Theodore's motion for a new trial were resolved against him, so there is no need to vacate the judgment. Rather an analogous remedy is appropriate. I will vacate the prior order and enter a new order denying the motion for a new trial. Theodore may then appeal the new order.

## **IV. Conclusion**

Theodore's Motion for Relief Pursuant to § 2255 (dkt. no. 432) is GRANTED only insofar as it seeks relief from the consequences of appellate counsel's failure to perfect an appeal from this Court's order denying Theodore's motion for a new trial, and is otherwise DENIED. The order denying the new trial motion (dkt. no. 406) is VACATED. The order will be reissued verbatim in a separate document and the petitioner may then file a notice an appeal from that order.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge